Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com

Attorney for Appellant Defendant
LESLIE KLEIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KLEIN,<br><br>　　　　Appellant Defendant,<br><br>vs.<br><br>DAVID BERGER,<br><br>　　　　Appellee Plaintiff | Case No.: 2:24-cv-03344-JGB<br>Appeal from:<br>Case No. 2:23-bk-10990-SK<br>Adv. No.: 2:23-ap-01153-SK<br><br>Before the Hon. Jesus G. Bernal<br><br>**APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE DATED SEPTEMBER 18, 2024** |

## RESPONSE TO ORDER TO SHOW CAUSE DATED SEPTEMBER 18, 2024

Of the documents referred to in the Order to Show Cause, the Notice of Transcripts was filed in the Bankruptcy Court on April 24, 2024 (Doc 89) and the Statement of Issues and Designation of Record were filed on June 10, 2024 (Doc 92 and Doc 93), a delay of 34 days from May 7, 2024; the District Court did not issue an Order to Show Cause regarding any deficiency in this respect (until the Order to Show Cause dated September

18, 2024). Defendant does not have a specific recollection of what happened to cause such delay, but it was a period where there were four related cases assigned to 3 different judges and with one (Mermelstein) that did not receive a District Court case number until long after Berger, though the dates were otherwise identical, and the cases awaited transfer to the low number case.

**THE DELAY WAS NOT UNREASONABLE UNDER NINTH CIRCUIT AUTHORITY CITED IN THE ORDER TO SHOW CAUSE AS MORE FULLY SET FORTH HEREIN. THE DELAY DOES NOT WARRANT THE DRASTIC SANCTION OF FAILING TO HEAR THE CASE ON ITS MERITS. IF A SANCTION IS DEEMED NECESSARY, SOMETHING LESS DRASTIC SUCH AS A MONETARY SANCTION VISITED ON COUNSEL MIGHT BE APPROPRIATE.**

1. The OSC states at page 2 *"A litigant must prosecute an action with 'reasonable diligence' to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W, Inc 542 F 2d 522, 524 (9th Cir.1976). Dismissal pursuant to Rule 41(b) requires a showing of unreasonable delay. Omstead v. Dell, Inc 594 F 3d 1081, 1084 (9th Cir. 2010). ...*

2. In the Anderson case, where dismissal was upheld, the Plaintiff, a shareholder, sued a corporation and it's ten directors for various claims

arising out of the sale of the corporation is airline to another airline. For reasons not made clear, Plaintiff did not serve the directors for a year during which time two of them died and were obviously unable to participate in the defense, thus causing actual prejudice to defendants.

3. By contrast, in the Omstead case, the 9th Circuit stated:

*"A. The District Court Abused Its Discretion When It Dismissed Plaintiffs' Action for Failure to Prosecute.*

*Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." <u>Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)</u>. In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; **<u>(4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.</u>**" Id. Where, as here, the district court does not make explicit findings on each factor, we independently review the record to determine whether the district court abused its discretion. Id. at 1424.*

*In this case, the district court abused its discretion when it dismissed plaintiffs' action for failure to prosecute. Plaintiffs did not cause any unreasonable delay in the progression of their case below. Upon review of the record, there were only two possible instances of delay: (1) plaintiffs waiting five months to file a motion for reconsideration of the district court's arbitration order, and (2) plaintiffs waiting two months to file the parties' joint status statement after being ordered to do so by the district court."*

4. By contrast, in this case, the deficiency notice from the Bankruptcy Court was cured within 34 days and the order setting a briefing would not occur for over a month setting Appellant's briefing for September 11, 2024. Appellant has timely filed his brief. Any delay in processing the Court's calendar was slight and the case is being expeditiously litigated.

5. Cases should be resolved in their merits. In the motion in the related case, Appellees spent a substantial part of their motion dealing with the underlying issue that the whole problem arises from the failure of Appellees to carry out their duty to warn of their intent to take a default and give reasonable time to answer. Although they acknowledged that obligation on November 27, 2023, when counsel wrote on behalf of Appellant on November 29 and December 8, 2023 to make arrangements, Appellees ignored the requests, later claiming that they did not have to respond to

anyone who is not literally attorney of record. Following is the response Appellant gave in his response. Appellant also refers to his brief filed September 11, 2024.

**"C. THE UNDERLYING ISSUE IS THAT APPELLEES SEEK TO EXCUSE THE FAILURE OF THEIR COUNSEL TO HONOR HIS PROFESSIONAL AND LEGAL OBLIGATION TO WARN THE OPPOSING COUNSEL OF INTENT TO FILE A DEFAULT AND AFFORD A REASONABLE TIME TO FILE AN ANSWER. DESPITE A WRITTEN REQUEST ON BEHALF OF THE DEFENDANT APPELLANT TO GIVE OPPORTUNITY TO FILE THE ANSWER, APPELLEES' COUNSEL IGNORED THE REQUEST ON THE LEGALLY UNSUPPORTABLE EXCUSE THAT THE WRITER OF THE LETTER, ATTORNEY OLSON, WAS NOT THE ATTORNEY OF RECORD FOR DEFENDANT APPELLANT. THE DEFAULT SHOULD, UNDER THE CIRCUMSTANCES, BE TREATED AS NULLITY.**

6. Appellees refer in the declaration of their counsel Paragraph 15 at Page 19 to: *"Cohen gave Olson a professional courtesy notice of Plaintiffs' intentions to pursue a default against the Debtor/Defendant, pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism; Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc., (2019) 36 Cal.App.5th at 134, 137, No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App. Oct. 17, 2022);*

*Fasuyi v. Permatex, Inc.* 84 Cal. Rptr. 3d 351 (Cal.Ct.App.2008), quoting *Au-Yang v. Barton*, 90 Cal. Rptr. 2d 227 (1999)); *Lasalle v. Vogel*, 36 Cal. App. 5th 127, 248 Cal. Rptr. 3d 263 (2019); *Pearson v. Continental Airlines*, (1970) 11 Cal.3d 613, 619); *Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68-5:70.*"

7. The same language and citations appear in Cohen's letter of November 27, 2023 (See Cohen Declaration Paragraph 23, Exhibit IV Exhibit I attached hereto).

8. Mr. Cohen's Declaration at Paragraph 25, 28 and 29 as follows:

*"25. On 11-29-2023, after the default was entered, Olson resurfaced – without a filed substitution of attorney – requested yet another stipulation setting aside the default, and a continued response date. See Olson Declaration, Exhibit "B" [Doc-49] ("3rd Extension Request").*

\*\*\*

*"28. On 12-8-2023, Olson followed up with Cohen requesting the same. See, See, Olson Declaration, Exhibit "C" [Doc-49]"*

*"29. Olson's 11-29-2023 and 12-8-2023 letters ("2nd Extension Request") were irrelevant and nullities since Olson was not counsel of record for Defendant. Olson never substituted into this adversary as counsel for Defendant, admitting that he's not even a "real bankruptcy attorney". Accordingly, his letters to Plaintiffs' counsel are of no consequence, as Plaintiffs' counsel had no obligation to respond to Defendant's non-lawyer. Plaintiffs, after being victimized by Defendant for so*

*long, and out of so much money, could not in good faith agree to Defendant's further requests for extensions".*

9. Appellees offer no support for the idea that their obligation to inform counsel of a default only applies to an attorney of record. To the contrary, for instance, in one of their cases cited by Appellees, *Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc. 85 Cal. App. 5th 198 at 205 and 214 (2022)*, a landlord tenant case, landlord has served tenant with a notice to pay rent or quit. Attorneys on behalf of tenant wrote to landlord identifying themselves as attorneys for tenant to receive communications in any matter pertaining to the lease. Landlord, without notifying counsel filed an unlawful detainer then entered a default judgment. Although landlord plainly knew of the attorneys they were by definition not attorneys of record in the unlawful detainer and yet the Court held that landlord owed the obligation to give notice to the attorneys for tenant.

10. The obligation is not a mere "professional courtesy" as counsel characterizes it. The Shapell case, supra cited by Appellees, opens with the words *"An attorney has both an ethical and a statutory obligation to warn opposing counsel, if counsel's identity if known, of an intent to seek a default and to give counsel a reasonable opportunity to file a responsive pleading. In Lasalle v. Vogel (2019) 36 Cal. App. 5th 127, 137 [248 Cal. Rptr. 3d 263] (Lasalle), a panel of this Court confirmed that obligation directly, unequivocally, and without qualification."*

11. The Ninth Circuit has confirmed counsel's obligations under the California authority *Ahanchian v. Xenon Pictures, Inc. 624 F.3d 1253 (9th Cir. 2010).*

12. Counsel for Appellees has characterized the requests on behalf of Appellant for an opportunity to file an Answer as "nullities". Instead the default taken in violation of those obligations and the judgment taken based thereon should be treated as "nullities."

6. The Court in *Omstead v. Dell, Inc 594 F 3d 1081, 1084 (9th Cir. 2010)* emphasized that not only should cases be determined on their merits, but the Court should consider less drastic sanctions. It appears on its face that a delay of 34 days in this context was not causing prejudice to Appellee. A monetary sanction on Appellant's counsel would be more appropriate.

## CONCLUSION

For the reasons set forth, the Court should take no action against the Appellant and if it concludes that some sort of sanction is necessary, that it consider a monetary sanction for counsel (Appellant being in bankruptcy).

Dated: September 19, 2024

_____
Eric J. Olson
Attorney for Appellant Defendant
Leslie Klein

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On September 19, 2024, I served the foregoing "Appellant's Response to Order to Show Cause dated September 18, 2024" on the interested parties in this action by:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") AND/OR BY EMAIL:**

| | | |
|---|---|---|
| Paul P. Young | - | paul@cym.law |
| Nikko Salvatore Stevens | - | nikko@cym.law |
| Armen Minasserian | - | armen@cym.law |
| Clarisse Young Shumaker | - | youngshumaker@smcounsel.com |
| Brett J. Wasserman | - | wasserman@smcounsel.com |
| Robert P. Goe | - | kmurphy@goeforlaw.com |
| John W. Lucas | - | jlucas@pszjlaw.com |
| Ron Maroko | - | ron.maroko@usdoj.gov |
| Baruch C. Cohen | - | bcc@baruchcohenesq.com |
| Jeff Nolan | - | jnolan@pszjlaw.com |

II. **SERVED BY U.S. MAIL:**

U.S. District Court
Attention: Judge Bernal – Chambers Copy
3470 Twelfth Street
Riverside, California 92501

APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE DATED SEPTEMBER 18, 2024
- 9 -

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this is executed on September 19, 2024, at Pasadena, California.

_____
Jasper Pantaleon