Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Appellant Defendant
LESLIE KLEIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KLEIN,<br><br>    Appellant Defendant,<br><br>vs.<br><br>DAVID BERGER,<br><br>    Appellee Plaintiff. | Case No.: 2:24-cv-03344-JGB<br>Appeal from:<br>Case No.: 2:23-bk-10990-NB<br>Adv. No.: 2:23-ap-01153-NB<br><br>Before the Hon. Jesus G. Bernal<br><br>**DECLARATION OF ERIC J. OLSON TO AUGMENT THE RECORD**<br><br>Argument on Bankruptcy Appeal<br>Date: December 15, 2025<br>Time: 9:00 AM<br>Courtroom 1, 2nd Floor |

I, Eric J. Olson, hereby declare as follows:

1. I am the attorney for Appellant Defendant Leslie Klein, and I make

this declaration to augment the record in the above-captioned matter.

DECLARATION OF ERIC J. OLSON TO AUGMENT THE RECORD
- 1 -

2. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify to the truth regarding these matters.

3. The purpose of this declaration is to augment the record to include the Settlement between the Chapter 11 Trustee and David Berger, which long post date the record as filed.

4. The documents to be included are as follows:

   a. Notice of Motion and Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019; Memorandum of Points and Authorities; Declaration of Bradley D. Sharp In Support Thereof; Doc 1235 filed September 25, 2025 in Case No. 2:23-bk-10990-NB;

   b. Order Granting Motion of Chapter 11 Trustee for Approval of Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019; Doc 1264 filed October 23, 2025 in Case No. 2:23-bk-10990-NB.

5. These documents were not included in the original record because they were not in existence at the time of the filing.

6. The inclusion of these documents is necessary for the court to have a complete and accurate record for its determination of the issues in this case.

7. Attached hereto as Exhibits 1 and Exhibit 2 are true and correct copies of the documents I am requesting to be added to the record.

8. I respectfully request that the Court grant this declaration to augment the record and include the aforementioned documents as part of the official record in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of December, 2025 at Pasadena, California.

Eric J. Olson

# EXHIBIT 1

1   Jeffrey W. Dulberg (CA State Bar No. 181200)
    John W. Lucas (CA State Bar No. 271038)
2   Pachulski Stang Ziehl & Jones LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
4   Telephone: 310/277-6910
    Facsimile:  310/201-0760
5   E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6
7   Counsel to Bradley D. Sharp, Chapter 11 Trustee

8                 UNITED STATES BANKRUPTCY COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
                     LOS ANGELES DIVISION
10
    In re                                    Case No. 2:23-bk-10990-NB
11
    LESLIE KLEIN,                            Chapter 11
12
                        Debtor.              **NOTICE OF MOTION AND MOTION OF**
13                                           **CHAPTER 11 TRUSTEE FOR ORDER**
                                             **APPROVING SETTLEMENT BETWEEN**
14                                           **THE TRUSTEE AND DAVID BERGER**
                                             **PURSUANT TO BANKRUPTCY RULE**
15                                           **9019; MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES; DECLARATION OF**
16                                           **BRADLEY D. SHARP IN SUPPORT**
                                             **THEREOF**
17
                                             Date:    October 21, 2025
18                                           Time:    2:00 p.m.
                                             Place:   Courtroom 1545
19                                                    255 E. Temple Street
                                                      Los Angeles, CA 90012
20
21  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE**
22  **DEBTOR, DAVID BERGER AND HIS ATTORNEY OF RECORD, THE UNITED STATES**
    **TRUSTEE, AND ALL INTERESTED PARTIES:**
23
24          **PLEASE TAKE NOTICE** that Bradley D. Sharp, in his capacity as chapter 11 trustee (the
25  "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**")
26  hereby moves (the "**Motion**") the Court for entry of an order pursuant Rule 9019(a) of the Federal
27  Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to approve the settlement ("**Settlement**")
28  by and between the Trustee, on behalf of the Estate, on the one hand, and David Berger

LA:4922-1184-2649.3 78512.001

1   ("**Claimant**"), on the other hand (and together with the Trustee, the "**Parties**"), regarding Proof of

2   Claim 35-1 ("**Claim 35-1**") and Proof of Claim 35-2 ("**Claim 35-2**").

3        The terms of the Settlement are more fully set forth in the Settlement Agreement (the

4   "**Settlement Agreement**") annexed to the Declaration of Bradley D. Sharp (the "**Sharp**

5   **Declaration**") as **Exhibit "A"**.  The principal terms include: (1) Claim 35-2, filed in the face amount

6   of over $12 million, will be reduced and allowed as a general unsecured claim in the amount of

7   $400,000.00; while Claim 35-1 will be expunged as having been amended and superseded by Claim

8   35-2 and the terms of the Settlement Agreement; and (2) Claimant agrees that he does not have a

9   direct interest in or claim to the proceeds of the life insurance policies of Andrew Gardner and

10  Yvette Gardner, or any other life insurance policy that is owned, controlled, or held by Life Capital

11  Group, LLC.

12       **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been

13  scheduled for **October __, 2025, at 2:00 p.m. Pacific Time**, or as soon thereafter as counsel may be

14  heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545,

15  255 East Temple Street, Los Angeles, California 90012.

16       **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion

17  and Motion, the Memorandum of Points and Authorities and Declaration of Bradley D. Sharp

18  annexed thereto, the record in this chapter 11 case, as well as any other documentary evidence as

19  may be presented to this Court at or before the hearing.

20       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

21  if you wish to oppose the Motion, you must file a written response with the Court and serve a copy

22  of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the

23  Motion.  The failure to properly file and serve an opposition may be deemed consent to the relief

24  requested in the Motion or a waiver of any right to oppose the Motion.

25

26

27

28

LA:4922-1184-2649.3 78512.001                    2

1    **WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting

2    the Motion; (b) approving the terms of the Settlement as set forth in the Settlement Agreement and

3    the Trustee's execution thereof; and (c) granting the Trustee such other and further relief as the

4    Court deems just and proper.

5    Dated:    September 25, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

6

7                                                   _/s/ John W. Lucas_
                                                    John W. Lucas

8                                                   Counsel to Bradley D. Sharp, Chapter 11 Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

#### A.    The Administration Of The Bankruptcy Case

On February 22, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of United States Code.

On May 23, 2023, in response to certain motions to dismiss the case, the Court entered an order directing the United States Trustee (the "**UST**") to appoint a chapter 11 trustee [Docket No. 142]. On that same day, the UST filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee (the "**Trustee**"). On May 23, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

#### B.    Circumstances Leading to Settlement

In accordance with his statutory duties under the Bankruptcy Code, the Trustee and his professionals are reviewing all proofs of claim filed against the estate to determine whether they are appropriate in amount and classification. As part of that review, the Trustee and his professionals reviewed Claim 35-1 and Claim 35-2 and determined the claims were objectionable. Instead of filing a formal objection to the claims, the Trustee contacted claimant's counsel to discuss the Trustee's concerns with Claim 35-1 and Claim 35-2 and a potential resolution. The Settlement Agreement reflects the outcome of the Parties' successful negotiations.

### II.    SUMMARY OF THE SETTLEMENT

The Parties have negotiated all claims between them and a full and complete settlement has been achieved with the following principal terms:[1]

- Allowance of Claim 35-2 Only. On or before the occurrence of the effective date of the Settlement Agreement, Claim 35-2 shall be modified and Claimant shall have an allowed general unsecured claim in the amount of $400,000.00. Claim 35-1 shall be expunged as having been amended and superseded by Claim 35-2 and the terms of the Settlement Agreement.

---

[1] The terms described are referenced herein as the "**Settlement**." A true and correct copy of the settlement agreement (the "**Settlement Agreement**") is annexed to the Sharp Declaration as **Exhibit "A"**.

- Source of Payments. Claimant hereby agrees that he does not have a direct interest in or claim to the proceeds of the life insurance policies of Andrew Gardner and Yvette Gardner, or any other life insurance policy that is owned, controlled, or held by Life Capital Group, LLC.

- The Settlement does not diminish, alter, impair, or in any way affect Berger's existing judgment [Adv. Pro. Docket No. 66] in the amount of $7,401,369.86 entered in Adv. Case No. 23-01169, which remains fully intact, enforceable, and wholly independent of this Settlement; provided, however, Berger shall not enforce the judgment against property of the Debtor's bankruptcy estate, which includes all pre and postpetition property of the Debtor's estate as provided by 11 U.S.C. §§ 541 and 1115.

The foregoing is a summary and creditors and other interested parties are encouraged to review the Settlement Agreement in its entirety for the complete terms of the Settlement.

## III.    RELIEF REQUESTED

By this Motion, the Trustee is seeking, pursuant Rule 9019 of the Federal Rules of Bankruptcy Procedure, an order (a) granting the Motion; (b) approving the Settlement and his entry into the Settlement Agreement; and (c) granting the Trustee such other and further relief as the Court deems just and proper. A proposed form of order is annexed to the Sharp Declaration **Exhibit "B"**.

## IV.    THE SETTLEMENT SHOULD BE APPROVED.

### A.    Standard of Review for Approval of a Compromise.

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge."). In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968). When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). Courts generally should "give[ ] deference to a trustee's

1    business judgment in deciding whether to settle a matter" for the benefit of the estate." (citations

2    omitted). *In re Douglas J. Roger, M.D., Inc., APC, ("Roger")*, 393 F. Supp. 3d 940, 961 (C.D. Cal.

3    2019). Under the circumstances of this case, the Settlement as set forth in the Settlement Agreement

4    between the Parties meets this standard.

5        The United States Court of Appeals for the Ninth Circuit has indicated that in determining

6    the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should

7    consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any,

8    to be encountered in the matter of collection; (3) the complexity of the litigation involved and the

9    expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the

10   creditors and the proper deference to their reasonable views in the premises. *See Woodson v.*

11   *Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*,

12   784 F.2d at 1380). It is not necessary that all of the conclusions reached in the consideration of each

13   of the foregoing factors support the settlement, but taken as a whole, those conclusions must favor

14   the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D.

15   Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately,

16   the court must determine whether the individual settlement sought to be approved under Bankruptcy

17   Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R.

18   117, 136 (Bankr. D.N.J. 2010).

19       As set forth below, the Settlement represents a fair and adequate settlement that should be

20   approved by this Court.

21       **B.**     **The Settlement Agreement Satisfies The Rule 9019(a) Standard.**

22       As discussed below, consideration of the foregoing factors supports Court approval of the

23   proposed Settlement.

24       **1.**     **Probability of Success.**

25       While the Trustee believes that his probability of success is high in this matter, he cannot

26   guarantee that he will prevail on appeal or in any trial on the merits. Here, the key claim, Claim 35-2

27   was filed in the amount of $12,010,958.83. Of that amount, $5,000,000 was on account an asserted

28

1    50% interest in the "Gardner Policies," which had a face value of $10,000,000, and interest on such

2    claim in the amount of $7,010,958.83.

3         It is the Trustee's view that the life insurance policy purchase agreement (the "**LIPPA**") (*i.e.*,

4    the agreement that governed the purchase of the Gardner Policies from the Gardners) did not reflect

5    that Berger was entitled to an specific share of the proceeds from the Gardner Policies. In addition,

6    there is no document or agreement reflecting that Berger was entitled to interest on his entitlement of

7    the proceeds of the Gardner Policies. However, the LIPPA does reflect that Berger paid $400,000 for

8    the Gardner Policies, which amount the Trustee believes the Berger's claim should be allowed.

9         In the end, the Settlement will reduce Claim 35-2 by over 96% which means that the Trustee

10    will have achieved an outcome that matches any expectation he could have at trial.

11         **2.    Difficulties With Collection**

12         As this settlement involves administering a proof of claim and no payment to the estate is

13    anticipated or required, this factor is not pertinent to the approval of the Settlement Agreement.

14         **3.    The Complexity of the Litigation.**

15         As the Court is aware, due to the nature of this case, the Trustee has limited records available

16    to him to defend against claims.  Plus, the records the Trustee has obtained from the Debtor are not

17    always reliable. Accordingly, the Settlement Agreement eliminates the complexities involved in

18    reconstructing the Debtor's sometimes incomplete or inaccurate financial records.

19         **4.    Interests of Creditors.**

20         The bankruptcy case has been pending for over two years with the Trustee conducting

21    numerous investigations. There are many substantial claims against the Estate, some holders of

22    which have been litigating with the Debtor for more than a decade. The proposed Settlement is

23    clearly in the best interests of creditors. The Settlement Agreement eliminates Claim 35-1 and

24    reduces Claim 35-2 by over 96% – from the face amount of more than $12 million to an allowed

25    amount of $400,000;

26         Under the circumstances of this case, the Settlement is fair, reasonable and in the best

27    interests of creditors.

28

LA:4922-1184-2649.3 78512.001                    7

1    **WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting

2    the Motion; (b) approving the Settlement and his entry into the Settlement Agreement; and (c)

3    granting the Trustee such other and further relief as the Court deems just and proper.

5    Dated:    September 25 , 2025                PACHULSKI STANG ZIEHL & JONES LLP

6
                                               _/s/ John W. Lucas_____
7                                                John W. Lucas

8                                              Counsel to Bradley D. Sharp, Chapter 11 Trustee

## DECLARATION OF BRADLEY D. SHARP

I, Bradley D. Sharp, declare as follows:

1.      I am the duly appointed, authorized and acting chapter 11 trustee of the estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**").

2.      I make this Declaration in support of the *Motion for Order Approving Settlement Between The Trustee and David Berger* (the "**Motion**")[1] to which this Declaration is annexed. All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in this case for which judicial notice is sought. All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion. If called upon to testify, I could and would testify competently to the facts set forth herein. A true and correct copy of the Settlement Agreement is attached to this Declaration as **Exhibit A**.

3.      On February 22, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of United States Code.

4.      On May 23, 2023, in response to certain motions to dismiss the case, the Court entered an order directing the UST to appoint a chapter 11 trustee [Docket No. 142]. On that same day, the UST filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing me to serve as chapter 11 Trustee. On May 23, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, I accepted this appointment [Docket No. 156].

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

5.      On June 5, 2023, Claimant filed Claim 35-1 against the Debtor's estate.  Claim 35-1 was filed on account of a certain Life Insurance Policy Purchase Agreement, dated February 17, 2009 (the "**LIPPA**"), wherein Claimant and the Debtor (through BK Life Settlement LLC) purchased the life insurance policies of Andrew Gardner and Yvette Gardner (the "**Gardner Policies**"), each having a value of $5,000,000.00 upon the death of the respective insured parties. Claimant paid the Debtor $400,000.00 for an asserted 50% share of the policy proceeds arising from the LIPPA and the Gardner Policies.  Claim 35-1 provides that Claimant is owed $5,000,000.00 plus accrued interest in the amount of $2,143,835.62, for a total claim of $7,143,835.62.

6.      On December 19, 2023, Claimant amended Claim 35-1 by filing Claim 35-2 on account of the LIPPA and the Gardner Policies but amended and superseded Claim 35-1 by providing that Claimant is owed $5,000,000.00 for his share of the Gardner Policy proceeds and $7,010,958.83 in interest for a total claim of $12,010,958.83.

7.      The Parties have negotiated all claims between them and a full and complete settlement has been achieved with the following principal terms:

• Claim 35-2 will be modified and Berger will have an allowed general unsecured claim in the amount of $400,000.00.  Claim 35-1 will be expunged as having been amended and superseded by Claim 35-2 and the terms of the Settlement Agreement; and (2) Claimant agrees that he does not have a direct interest in or claim to the proceeds of the Gardner Policies, or any other life insurance policy that is owned, controlled, or held by Life Capital Group, LLC.

8.      The proposed Settlement achieves all of my goals with respect to the questions regarding Berger's entitlement to an asserted 50% share of the proceeds from the Gardner Policies and the accrual of interest that does not have any support under the LIPPA or any other document provided by Berger.

10

9.      In absence of this settlement, I believe that the estate would have to incur legal fees and other expenses to successful oppose Claim 35-2 and there is no guarantee that I would prevail. In my view, the settlement reached here reduces Berger's claim by more than 96%, which inures to the benefit of all creditors by increasing the pro rata distribution to all claims that are ultimately allowed.

10.      The proposed Settlement is clearly in the best interests of creditors.  The Case has been pending for nearly two years with numerous investigations having been conducted by me and my professionals employed in this Case. There are many substantial claims against the Estate, some holders of which have been litigating with the Debtor for more than a decade.  The proposed Settlement will provide the Estate with certainly regarding Claim 35-2 (at a substantially reduced rate) and a creditor who I believe will ultimately support the administration of the case through a plan of liquidation. A proposed order to the Motion is attached to this Declaration as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2025 at Chicago, Illinois.

Bradley D. Sharp

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

### (Settlement Agreement)

LA:4922-1184-2649.3 78512.001

### SETTLEMENT AGREEMENT

This *Settlement Agreement* ("**Agreement**") is made and entered into by and between Bradley D. Sharp, solely in his capacity as the duly appointed, authorized, and acting chapter 11 trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein (the "**Debtor**") and David Berger ("**Berger**"), with reference to the following facts and recitals. The Trustee and Berger are referred to collectively hereinafter as the "**Parties**," and individually as a "**Party**."

### R E C I T A L S

WHEREAS, the Debtor commenced a voluntary chapter 11 case on February 22, 2023, Case No.: 2:23-bk-10990-SK, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Court**").

WHEREAS, on June 5, 2023, Berger filed proof of claim number 35-1 ("**Claim 35-1**") against the Debtor's estate. Claim 35-1 was filed on account of a certain Life Insurance Policy Purchase Agreement, dated February 17, 2009 (the "**LIPPA**"), wherein Berger and the Debtor (through BK Life Settlements LLC) purchased the life insurance policies of Andrew Gardner and Yvette Gardner (the "**Gardner Policies**"), each having a value of $5,000,000 upon the death of the respective insured parties. Berger paid the Debtor $400,000 for a 50% share of the policy proceeds arising from the LIPPA and the Gardner Policies. Claim 35-1 provides that Berger is owed $5,000,000 plus accrued interest in the amount of $2,143,835.62, for a total claim of $7,143,835.62.

WHEREAS, on June 9, 2023, Berger commenced an adversary proceeding for Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6); and for Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(2)(B); 11 U.S.C. § 727(a)(3); 11 U.S.C. § 727(a)(4); 11 U.S.C. § 727(a)(5), Adv. Case No. 23-01169 (the "**Adversary Proceeding**").

WHEREAS, on December 19, 2023, Berger amended and superseded Claim 35-1 by filing Claim 35-2 ("**Claim 35-2**"), which on account of the LIPPA and the Gardner Policies asserted that Berger is owed $5,000,000 for his share of the Gardner Policy proceeds and $7,010,958.83 in accrued interest for a total claim of $12,010,958.83.

WHEREAS, on February 22, 2024, in the Adversary Proceeding, Berger obtained a non-dischargeable judgment against the Debtor, pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6) in the amount of $7,401,369.86 [Adv. Pro. Docket No. 66] (the "**Judgment**").

WHEREAS, the Trustee has reviewed Claim 35-1 and Claim 35-2 and sought and obtained informal discovery from Berger on account of these proofs of claim.

1

WHEREAS, following the Trustee's review of Claim 35-1, Claim 35-2 and the information Berger subsequently provided to the Trustee, the Parties have reached a settlement regarding the allowance of Claim 35-1 and Claim 35-2.

In consideration of the mutual covenants, conditions and provisions set forth below, and each Party intending to be legally bound, the Parties agree as follows:

### *A G R E E M E N T*

### 1.    EFFECTIVENESS OF AGREEMENT

This Agreement shall become effective on the later of the date (the "**Effective Date**") that (a) the Parties have fully executed this Agreement (the "**Execution Date**") and (b) the date that an order entered by the Court approving the Agreement has become a final order because it is not subject to a pending appeal and the applicable deadline in Federal Rule of Bankruptcy Procedure 8002 expired without any timely appeal having been filed.

### 2.    GLOBAL SETTLEMENT

(a)    Allowance of Claim 35-2 Only.  Upon the Effective Date, Claim 35-2 shall be modified and Berger shall have an allowed general unsecured claim in the amount of **$400,000.00** (the "**General Unsecured Claim**"). Claim 35-1 shall be expunged as having been amended and superseded by Claim 35-2 and the terms of this Agreement.

(b)    Source of Payments.  Berger hereby agrees that he does not have a direct interest in or claim to the proceeds of the Gardner Policies or any other life insurance policy that is owned, controlled, or held by the Debtor's estate or Life Capital Group, LLC.

(c)    Court Approval. Promptly after the Execution Date, the Trustee shall seek the Court's approval of this Agreement pursuant to Bankruptcy Rule 9019.

### 3.    LIMITATIONS REGARDING ENFORCEMENT OF THE JUDGMENT

The Settlement referenced herein resolves only Berger's Claim No. 35-2. It does not diminish, alter, impair, or in any way affect Berger's existing Judgment in the amount of $7,401,369.86, which remains fully intact, enforceable, and wholly independent of this Settlement; provided, however, Berger shall not enforce the Judgment against property of the Debtor's bankruptcy estate, which includes all pre and postpetition property of the Debtor's estate as provided by 11 U.S.C. §§ 541 and 1115.

### 4.    REPRESENTATIONS

Berger hereby represents that he is not party to any other agreements with the Debtor, any company owned or controlled by the Debtor, or any trust owned by the Debtor or administered by the Debtor as trustee, nor has Berger made any agreements with the

4922-0302-0889.5 78512.001

Debtor, any company owned or controlled by the Debtor, or any trust owned by the Debtor or administered by the Debtor as trustee, regarding Berger's Claim 35-2, Claim 35-1, or any other claim against the Debtor's estate or any company or trust owned or controlled by the Debtor.

## 5.    MUTUAL GENERAL RELEASE

Mutual Release. As of the Effective Date, except as otherwise set forth herein with respect to modified Claim 35-2, Berger, on the one hand, and Trustee, on behalf of the Debtor's estate, on the other hand, mutually release each other and each of their respective predecessors, successors, corporate parents, subsidiaries, affiliates, present or former trustees, directors, officers, attorneys, agents and employees (excluding in all cases the Debtor to the extent it could apply) from any and all claims, suits, damages, liabilities, costs, losses, interest, or expenses of any kind or nature whatsoever, which have arisen or could arise on or before the Effective Date except as otherwise set forth in this Agreement. Each Party hereby waives and releases any and all rights under Section 1542 of the California Civil Code, which provides as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or releasing party."

## 6.    GENERAL

(a)    Executed In Counterparts. This Agreement may be executed in counterparts and copies may be used instead of originals and delivered with electronic mail (including in PDF format) with the same force and effect as originals. The executed counterparts shall be construed as and constitute one document.

(b)    Integration Clause; Modifications In Writing. This Agreement is the final and entire agreement of the Parties regarding the subject matter herein, and supersedes all previous oral and written understandings, negotiations, term sheets, and agreements on the subject matter herein. This Agreement may only be modified by a written amendment signed by an authorized signatory of all Parties.

(c)    Agreement Ineffective If Not Approved In Whole. This effectiveness of this Agreement is conditioned upon the Court approving it in its entirety and all terms required thereby, including, but not limited to, the lift stay provisions. In the event this Agreement is not approved in its entirety, the Agreement and each of its terms shall be deemed void and of no legal force or effect.

4922-0302-0889.5 78512.001

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution Date.

**Chapter 11 Trustee**

Digitally signed by David H Berger
DN: cn=David H Berger, o=., ou=.,
email=dhb366@aol.com, c=US
Date: 2025.09.08 09:54:01 -07'00'

Authorized Signature

David Berger

Bradley D. Sharp, Chapter 11 Trustee

9/16/2025

09/08/2025

Date

Date

4

4922-0302-0889.5 78512.001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

### (Proposed Order)

LA:4922-1184-2649.3 78512.001

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jdulberg@pszjlaw.com
       jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>                Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND DAVID BERGER PURSUANT TO BANKRUPTCY RULE 9019**<br><br>Date:    October 21, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 1545<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

      The Court has considered the *Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019* (the "**Motion**")[1] [Docket No. ____], filed by Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein, and the Declaration of Bradley D. Sharp (the "**Sharp Declaration**"), filed in support of the Motion, pursuant to which the Trustee sought approval of a settlement agreement, dated Septmeber __, 2025 (the "**Settlement Agreement**") by and between the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LA:4922-1184-2649.3 78512.001

1    Trustee, on behalf of the Estate, and claimant, David Berger. The terms of the settlement (the

2    "**Settlement**") are specifically set forth in the Settlement Agreement, a copy of which is attached to

3    the Sharp Declaration. Based upon the Court's review of the Motion, the Sharp Declaration, and the

4    Settlement, the Court finds that (1) the relief requested in the Motion is reasonable, appropriate, and

5    in the best interests of the Parties; and (2) notice of the Motion was adequate and appropriate under

6    the circumstances and no further notice be given, therefore

7        **IT IS HEREBY ORDERED** :

8        1.    The Motion is granted and the Settlement and the Settlement Agreement are approved

9    in their entireties.

10       2.    The Trustee is authorized to enter into and take any and all actions reasonably

11   necessary to effectuate the Settlement Agreement.

12                                                # # #

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:24-cv-03344-JGB    Document 26    Filed 12/11/25    Page 24 of 33    Page ID
Case 2:23-bk-10990-NB    Doc 1235-1    Filed 09/25/25    Entered 09/25/25 15:00:49
#:1589
Desc  Certificate of Service    Page 1 of 5

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:
Los Angeles, California 90067
E-mail: jdulberg@pszjlaw.com
          jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:23-bk-10990-NB |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **CERTIFICATE OF SERVICE** |

4921-7972-9004.1 78512.001

Case 2:24-cv-03344-JGB    Document 26    Filed 12/11/25    Page 25 of 33    Page ID
#:1540
Case 2:23-bk-10990-NB    Doc 1235-1    Filed 09/25/25    Entered 09/25/25 15:00:49
Desc  Certificate of Service    Page 2 of 5

<div style="text-align:left; font-style:italic; font-size:small;">
Pachulski Stang Ziehl & Jones LLP<br>
Attorneys At Law<br>
Los Angeles, California
</div>

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**One Sansome Street, Suite 3430, San Francisco, CA  94105.**

A true and correct copy of the foregoing document entitled (*specify*):

- ***NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT BETWEENT THE TRUSTEE AND DAVID BERGER PURSUANT TO BANKRUPTCY RULE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF***

is served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 25, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **September 25, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com;<br>kleinlaw@earthlink.net | **Via Email:**<br>Daniel A. Crawford, Esq.<br>Crawford Law Group<br>15303 Ventura Blvd., Ninth Floor<br>Sherman Oaks, California 91403<br>Email: dac@crawfordlawgroup.com |
|---|---|
| **Via Email:**<br>Ron Maroko<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017<br>Email: Ron.Maroko@usdoj.gov | **Via Email:**<br>Baruch Cohen<br>baruchcohen@baruchcohenesq.com |

☐    Service information continued on attached page

Case 2:24-cv-03344-JGB    Document 26    Filed 12/11/25    Page 26 of 33    Page ID
#:1541
Case 2:23-bk-10990-NB    Doc 1235-1    Filed 09/25/25    Entered 09/25/25 15:00:49
Desc  Certificate of Service    Page 3 of 5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 25, 2025 | Oliver Carpio | /s/ Oliver Carpio |
|---|---|---|
| Date | Printed Name | Signature |

Case 2:24-cv-03344-JGB    Document 26    Filed 12/11/25    Page 27 of 33    Page ID
#:1540
Case 2:23-bk-10990-NB    Doc 1235-1    Filed 09/25/25    Entered 09/25/25 15:00:49
Desc  Certificate of Service    Page 4 of 5

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   Case 2:23-bk-10990-SK

- Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Michael Jay Berger    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey    AttorneyTCovey@gmail.com
- Daniel A Crawford    dac@crawfordlawgroup.com
- Michael G D'Alba    mgd@lnbyg.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Craig A Edelman    notice@bkcylaw.com
- Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Robert P Goe    rgoe@goeforlaw.com,
  kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com,
  lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- M. Jonathan Hayes    jhayes@rhmfirm.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Armen Manasserian    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer    smayer@mayerlawla.com
- Christopher M McDermott    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- Krikor J Meshefejian    kjm@lnbyg.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Eric J Olson    eric@ejolsonlaw.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Brian A Procel    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Matthew D. Resnik    matt@rhmfirm.com,
  roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- Kevin Ronk    Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law
- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Bradley D. Sharp (TR)    bsharp@dsi.biz
- Richard P Steelman    RPS@LNBYG.COM
- Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law, karen@cym.law,aileen@cym.law
- Alan G Tippie    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori    gtokumori@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- John P. Ward    jward@attleseyward.com, ephuong@attleseyward.com
- Brett J. Wasserman    wasserman@smcounsel.com
- Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law
- Roye Zur    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Case 2:24-cv-03344-JGB    Document 26    Filed 12/11/25    Page 28 of 33    Page ID
Case 2:23-bk-10990-NB    Doc 1235-1#:1591ed 09/25/25    Entered 09/25/25 15:00:49
Desc  Certificate of Service    Page 5 of 5

## 2. **SERVED BY U.S. MAIL**:

| Peter C. Anderson, U.S. Trustee Michael Jones, Assistant U.S. Trustee Office of the U.S. Trustee 915 Wilshire Boulevard, Suite 1850 Los Angeles, CA 90017 | Nathan Talei Oldman, Sallus & Gold, L.L.P. 16133 Ventura Blvd., PH-A Encino, CA 91436 | Eric J. Olson EJOLSONLAW 301 East Colorado Blvd., Suite 520 Pasadena, California 91101 |
|---|---|---|
| Leslie Klein 322 North June Street Los Angeles, CA 90004 | Leslie Klein & Associates, Inc. c/o Leslie Klein 6454 Van Nuys Blvd. Suite 150 Van Nuys, CA 91401 | Daniel A. Crawford, Esq. Crawford Law Group 15303 Ventura Blvd., Ninth Floor Sherman Oaks, CA 91403 |
| Owen Lee Podell Leslie Klein & Associates 14245 Ventura Blvd., 3rd Fl. Sherman Oaks, CA 91423 | Owen Lee Podell 19816 Ingomar Street Winnetka, CA 91306-2618 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4921-7972-9004.1 78512.001

# EXHIBIT 2

1   Jeffrey W. Dulberg (CA State Bar No. 181200)
    John W. Lucas (CA State Bar No. 271038)
2   Pachulski Stang Ziehl & Jones LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
4   Telephone: 310/277-6910
    Facsimile: 310/201-0760
5   E-mail: jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6
7   Counsel to Bradley D. Sharp, Chapter 11 Trustee

```
FILED & ENTERED

      OCT 23 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis      DEPUTY CLERK
```

8           UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA
10              LOS ANGELES DIVISION

11  In re                                    Case No. 2:23-bk-10990-NB

12  LESLIE KLEIN,                            Chapter 11

13                        Debtor.           **ORDER GRANTING MOTION OF
                                             CHAPTER 11 TRUSTEE FOR
14                                           APPROVAL OF SETTLEMENT
                                             BETWEEN THE TRUSTEE AND DAVID
15                                           BERGER PURSUANT TO
                                             BANKRUPTCY RULE 9019**
16
17                                           Date:    October 21, 2025
                                             Time:    2:00 p.m.
18                                           Place:   Courtroom 1545
                                                      255 E. Temple Street
19                                                    Los Angeles, CA 90012

20          The Court has considered the *Motion of Chapter 11 Trustee for Order Approving Settlement*

21  *Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019* (the "**Motion**")[1] [Docket

22  No. 1235], filed by Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the

23  bankruptcy estate of Leslie Klein, and the Declaration of Bradley D. Sharp (the "**Sharp**

24  **Declaration**"), filed in support of the Motion, pursuant to which the Trustee sought approval of a

25  settlement agreement, dated September 16, 2025 (the "**Settlement Agreement**") by and between the

26  Trustee, on behalf of the Estate, and claimant, David Berger. The terms of the settlement (the

27

28  [1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LA:4921-1890-3668.2 78512.001

1    "Settlement") are specifically set forth in the Settlement Agreement, a copy of which is attached to

2    the Sharp Declaration. Based upon the Court's review of the Motion, the Sharp Declaration, and the

3    Settlement, the Court finds that (1) the relief requested in the Motion is reasonable, appropriate, and

4    in the best interests of the Parties and Estate; and (2) notice of the Motion was adequate and

5    appropriate under the circumstances and no further notice be given, therefore

6    **IT IS HEREBY ORDERED** :

7    1.    The Motion is granted and the Settlement and the Settlement Agreement are approved

8    in their entireties.

9    2.    Claim 35-2 is allowed as a general unsecured claim in the amount of $400,000.00 and

10    is superseded by this Order.

11    3.    Claim 35-1 is superseded by Claim 35-2, as amended, and hereby expunged.

12    4.    The Trustee is authorized to enter into and take any and all actions reasonably

13    necessary to effectuate the Settlement Agreement.

14

15                                        # # #

16

17

18

19

20

21

22

23

24    Date: October 23, 2025

Neil W. Bason
United States Bankruptcy Judge

25

26

27

28

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On December 11, 2025, I served the foregoing **"Declaration of Eric J. Olson to Augment the Record"** on the interested parties in this action by:

I.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") AND/OR BY EMAIL:**

| | |
|---|---|
| Paul P. Young | paul@cym.law |
| Nikko Salvatore Stevens | nikko@cym.law |
| Armen Minasserian | armen@cym.law |
| Clarisse Young Shumaker | youngshumaker@smcounsel.com |
| Brett J. Wasserman | wasserman@smcounsel.com |
| Robert P. Goe | kmurphy@goeforlaw.com |
| John W. Lucas | jlucas@pszjlaw.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| Baruch C. Cohen | bcc@baruchcohenesq.com |
| Jeff Nolan | jnolan@pszjlaw.com |

II.    **SERVED BY U.S. MAIL:**

U.S. District Court
Attention: Judge Bernal – Chambers Copy
3470 Twelfth Street
Riverside, California 92501

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this is executed on December 11, 2025, at Pasadena, California.


Jasper Pantaleon